**PUA'ILIU SOLOMONA, LUA'TAUA VILE SEUMANU, and LINO SEUMANU for themselves and on behalf of certain members of the Mulitauaopele Family of Laulii, American Samoa, Plaintiffs**

v.

**AGI GROHSE, Acting Territorial Registrar, American Samoa Government, and LEI'ATAUA PETER AH CHING, Defendants**

**Registration of the Matai Title "Mulitauaopele" of the Village of Laulii.**

High Court of American Samoa
Land and Titles Division

MT No. 4-94

February 6, 1996

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
 For Defendant Agi Grohse, Henry W. Kappel,
 Assistant Attorney General
 For Defendant Lei'ataua Peter Ah Ching, Tuana'itau F.
 Tuia, L.P.

Opinion and Order:

On May 4, 1994, plaintiffs brought this action to set aside the Territorial Registrar's registration of defendant Lei'ataua Peter Ah Ching ("Ah Ching") as the holder of one matai title Mulitauaopele in the Village of Laulii, American Samoa. Trial was held on November 3, 1995, with all counsel present. Having heard testimony and considered the evidence, including related actions by judicial notice, the court will void the title registration and issue certain consequential orders.

Plaintiffs and Ah Ching are blood members of one of two Mulitauaopele families in Laulii. Defendant Agi Grohse was the Acting Territorial Registrar at the time the Mulitauaopele title was registered in Ah Ching's name, and is now the Territorial Registrar.

Mulitauaopele Tamotu ("Pele Tamotu") was the sa'o, or senior titleholder, of his Mulitauaopele family. After Pele Tamotu's death, Leaana L. Fuata ("Leaana") offered this Mulitauaopele title for registration. Fofogaotuma Konelio Mulitauaopele ("Konelio") objected and counterclaimed for the title. Mulitauaopele Ivi ("Pele Ivi") also objected. His objective was to prevent any further registration of the title held by Pele Tamotu on the grounds that only one Mulitauaopele family and title exist in Laulii, and that Pele Tamotu's title was an aberration arising under ancient, special circumstances which no longer warranted recognition. In the judicial action that followed, *In re Matai Title Mulitauaopele*, 16 A.S.R.2d 63 (Land & Titles Div. 1990), the trial court found that two distinct Mulitauaopele families and titles in Laulii existed and awarded the title of Pele Tamotu's family to Konelio.

Upon Konelio's death a short time later, Leaana again offered the title for registration. This time Ah Ching objected and counterclaimed for the title. Pele Ivi objected once more, raising the same issues. While the dispute was still pending in the applicable administrative process, Leaana passed away, leaving only Ah Ching as a claimant. When the appellate court upheld the trial court's finding that two Mulitauaopele families exist, *Mulitauaopele v. Mulitauaopele*, 25 A.S.R.2d 43 (App. Div. 1993), Grohse, acting on the Attorney General's advice, registered the title in Ah Ching's name.

After the title registration in Ah Ching's name, Alamoana S. Mulitauaopele ("Alamoana") filed an action, *Mulitauaopele v. Togafau*, CA No. 5-94 (Trial Div. 1994), in essence to declare the Attorney General's advice erroneous and void Ah Ching's title registration. The trial court dismissed this action for several reasons. *Mulitauaopele v. Togafau*, 26 A.S.R.2d 52 (Trial Div. 1994). The one most pertinent to this action was Alamoana's lack of standing to maintain his action based on his status as either a member of the House of Representatives of the Legislature of American Samoa from the election district including Laulii, a voter, a resident, a taxpayer, or a member of Pele Ivi's Mulitauaopele family.[1]

---

[1] The trial court based the dismissal on other grounds as well. First, Alamoana asserted that the Attorney General's verbal advice to Grohse

Finally, we note in passing that Grohse and Ah Ching defensively alleged that Pele Tamotu's Mulitauaopele family held the customary kava cup ceremony for Ah Ching and that the three named plaintiffs participated in this event. Grohse and Ah Ching made arguments of mootness and estoppel, as legal consequences of this ceremony, in their motion to dismiss, which we denied July 14, 1994. However, they offered no evidence of this ceremony at the trial. Thus, we will not now address the occurrence and legal effect of any such ceremony.

## DISCUSSION

We set aside Ah Ching's title registration for two fundamental reasons.

1. <u>Family members have been unduly deprived of participation in the selection of a successor matai</u>.

■ Matai titles are regulated by law. A.S.C.A. §§ 1.0401-1.0414. The territorial registrar maintains the title register, A.S.C.A. § 1.0401, and may register successors to vacant titles only after a specific administrative process, A.S.C.A. §§ 1.0405-1.0408, 1.0410. This court must resolve disputed claims that remain unresolved by the administrative process. A.S.C.A. § 1.0409.

■ In the course of the administrative process, the territorial registrar is prohibited from accepting counterclaims for the title or objections to the offer following the sixtieth day after the registrar posts notice of the original offeree's claim. A.S.C.A. § 1.0407(a). The sixtieth day had long since past when Leaana died, leaving Ah Ching as the only candidate for the title. Thus, in the absence of further candidates or opponents before the territorial registrar, the Attorney General advised Grohse to register the title in Ah Ching's name instead of returning the selection process to the family or referring the matter to this court for determination.

■ The law does not permit a substitute candidate after the sixtieth day. *See In re Matai Title "Leaeno"*, Bench Order Mot. Subst. (Land & Titles Div. May 6, 1991) (Court disallowed substitution of a younger, on-island

---

was in conflict with A.S.C.A. § 1.0405(a). However, that statute only requires that claims to a title be filed in writing with the Territorial Registrar. The Attorney General was not claiming the title, and, thus, his advice was not required to be in writing. Second, Alamoana failed to meet the statutory prerequisite for declaratory relief by not raising any controversy pertaining to a written instrument, property, or rights or duties with respect to the Attorney General or any other person. A.S.C.A. § 43.1102.

172

family member for an elderly, off-island candidate). We believe that the only reasonable interpretation of § 1.0407(a) is to exclude substitutions after the sixtieth day under all circumstances, including a candidate's death, and so hold. The Attorney General was correct to the extent his advice was premised on this reading of § 1.0407(a).

■ However, under the Attorney General's advice, Ah Ching became the titleholder essentially by default. Clearly, Leaana had supporters within the family who were effectively and arbitrarily disenfranchised by his untimely death and the title registration in Ah Ching's name. Surely, another family member was prepared to step forward to replace Leaana. This candidate might even achieve an undisputed consensus among the family for selection as the next titleholder. In any event, the process succeeds under the present circumstance only if fair and reasonable opportunity is given to contentious elements within the family to promote their title candidates and to the family to resolve their internal differences.

For this reason, we conclude that the registration of the matai title Mulitauaopele in Ah Ching's name is void and must be set aside. The process must be returned to the family for further deliberations on choosing the successor to the Mulitauaopele title.

2. Ah Ching is ineligible to hold the title.

■ Eligibility to succeed to a vacant matai title is set forth in A.S.C.A. § 1.0403. Under § 1.0403(b), a person born on foreign soil is eligible to hold an American Samoa matai title only if: (1) that person was born of parents who were inhabitants of American Samoa, but were temporarily residing outside of American Samoa or engaged in foreign travel at the time of his birth; and (2) while later residing in American Samoa that person either (a) renounces, under oath, his allegiance to the foreign country of his birth, within one year after reaching age 18 years, or (b) has continuously resided in American Samoa for at least 10 years prior to claiming registration as a matai titleholder.

Ah Ching was born in Western Samoa. His father was a Western Samoa citizen. His mother was a U.S. national born in American Samoa and was a member of Pele Tamotu's Mulitauaopele family. Shortly after Ah Ching's parents married in American Samoa, they moved to Western Samoa. His father was in business in Western Samoa, and Ah Ching was raised to majority there. While still a young adult, he was sent to American Samoa to serve as a lesser matai to Pele Tamotu. Since then, Ah Ching has continuously resided in American Samoa for a period far in excess of 10 years, faithfully serving Pele Tamotu and pursuing career

173

employment with ASG. In short, he became, and remains, an integrated member of his American Samoa family and this community.

Based on his continuous residence here for well beyond 10 years, Ah Ching has clearly met the second part of the two-pronged test for overcoming deficiencies as a foreign born person to hold a matai title in American Samoa. However, Ah Ching cannot change the fact that he was born on foreign soil to parents who were not outside American Samoa for a temporary purpose but were inhabitants of that foreign country.[2]

Applying the plain construction of § 1.0403(b), we conclude that Ah Ching lacks the requisite qualifications to hold the Mulitauaopele title. However, he has raised several constitutional arguments for rendering the statute invalid or, at least, inapplicable to him. In general, Ah Ching argued that he has been denied equal protection of the laws and that his privileges and immunities have been abridged. For the most part, he made the same points which we recently addressed in *In re Matai Title "I'aulualo"*, 25 A.S.R.2d 155 (Land and Titles Div. 1994), *aff'd*, 29 A.S.R.2d ___ (App. Div. 1995). In *I'aulualo*, we held that § 1.0403(b) passes constitutional muster. Ah Ching has not offered anything in his arguments to overcome that holding.

 We will only briefly comment on two additional points not specifically raised in *I'aulualo*. First, Ah Ching characterized § 1.0403(b) as a prohibited bill of attainder and *ex post facto* law, under Rev. Const. Am. Samoa, art. 1, § 13, pointing to its enactment as P.L. No. 7-38 in 1962 and his birth in 1938. However, these forbidden legislative acts apply only to criminal laws. A bill of attainder imposes punishment without judicial process. *Black's Law Dictionary* 162 (4th ed. 1951). An *ex post facto* law creates a crime out of an innocent act when it was committed or applies a harsher penalty than the one in force when a criminal act was committed. *Black's Law Dictionary* 662-63. Section 1.0403(b) is simply not a criminal law.

Second, Ah Ching attacked the provision in § 1.0403(b)(1), allowing a person to renounce allegiance to a foreign country of birth only while 18 years of age, as unconstitutional age discrimination. Despite his protests to the contrary, this provision does not preclude Ah Ching, or anyone else who takes up residency in American Samoa when they are older than

---

[2] Ah Ching has not contested the meaning of "inhabitant," as applied to his parents' circumstances at this birth. However, to complete our discussion to this point, "inhabitant" means a persons "who resides actually and permanently in a given place, and has his domicile there." 25 A.S.R.2d 155 (Land and Titles Div. 1995).

18, from qualifying for a mataiship. Section 1.0403(b)(2) qualifies any such person after 10 years of continuous residency. Ah Ching met this standard, but even if he had not, we would not declare the renunciation provision unconstitutional.

Equal protection does not prevent classifications which are reasonably related to the achievement of a legislative purpose. Age groupings have been consistently upheld for regulatory objectives such as voting, jury selection, military service, and receiving Social Security and other benefits. *See* 16A Am. Jur. 2d *Constitutional Law* § 770. The distinction between minority and majority is a logical differentiation in the present context. The Legislature could reasonably find that a resident declaring fidelity to American Samoa at age 18 is probably sincere, while in later years, his fealty is best gauged by a significant period of residency.

Ah Ching's real problem is with the stigma he now suffers from his parents' circumstances at the time of his birth. The purpose underlying § 1.0403(b) appears to be that a foreign-born candidate for an American Samoa matai title have an enduring and informed relationship with the title and the territory. Ah Ching's connections in American Samoa are ostensibly genuine. However, as we pointed out in, *I'aulualo,* 25 A.S.R.2d 155 (Land and Titles Div. 1994), and *In re Matai Title "Patea",* 25 A.S.R.2d 139 (Land and Titles Div. 1994), the Legislature, not the court, has the responsibility to determine the policy of using the status of a candidate's parents at the time of his birth as an eligibility criterion.

Thus, Ah Ching must be declared ineligible to hold this Mulitauaopele title, and for this reason as well, the registration of the title in Ah Ching's name is void and must be set aside. This ruling also requires that the process must be returned to the family for further deliberations on selecting the next Mulitauaopele titleholder.

## ORDERS

1. The registration of the matai title Mulitauaopele in Ah Ching's name is void and set aside.

2. The registration process is returned to the Mulitauaopele family for further deliberations on the selection of the successor matai.

3. Ah Ching is ineligible and is not a lawful candidate to hold the Mulitauaopele title.

It is so ordered.